## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GRANT K. BEATTIE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 12- 2596 JTM |
| | ) |
| STEVEN J. SMITH, et al., | ) |
| | ) |
| Defendants. | ) |

### PROTECTIVE ORDER

The parties agree and the Court so orders:

1. The parties expect to produce certain documents that are confidential ("Confidential Documents") and not available for dissemination to the general public. These documents may include, but are not limited to: (1) Prairie Band Potawatomi Nation ("PBPN") Tribal Police Department Operation Manuals, video of the Prairie Band Casino & Resort, internal reports, and other documents such as training outlines, curriculum, and/or testing materials, the release of which could compromise the safety of PBPN police officers, members of the public, and/or could alert potential and/or current criminals and criminal suspects to the methods involved in law enforcement detection and response to crime, and (2) personal or financial information pertaining to Plaintiff. Accordingly, the parties have entered into this Stipulation for Protective Order ("Stipulation") for the purpose of protecting from certain disclosure those Documents.

2. The parties shall designate the Confidential Documents as confidential by typing, stamping, or otherwise affixing the word "CONFIDENTIAL" on such documents. Typing, stamping, or otherwise affixing the word "CONFIDENTIAL" on the first page of a multi-page document, or the first page of a collection of documents that are bound or attached together in any manner, shall have the effect of designating the entirety of same as confidential.

12-2596-JTM-PO.docx

3. The portions of the Confidential Documents that the parties agree to produce may be produced with redaction, subject to any statutory or legal requirements limiting or prohibiting disclosure (ex. security of casino operations, officer addresses, home phone numbers, social security numbers, etc.). Production of documents shall not be construed as an admission that they are relevant or admissible for purposes of trial or ruling on any dispositive motions. The parties reserve the right to move to compel production of other portions of the Confidential Documents that they deem relevant.

4. Except with prior written consent from the other party, their counsel of record, or the Court, Confidential Documents, or any information contained in Confidential Documents, may not be disclosed to any person other than the following:

a. United States District Court for the District of Kansas, and any court having jurisdiction of any appeal there from, as well as the Court's staff and such employees of the Clerk of the Court as directed by the Clerk or the presiding judge. The party seeking to file confidential information must first file a motion with the court and be granted leave to file the particular document under seal;

b. The parties, the parties' counsel of record, and said counsel's partners, associates, paralegals, secretaries, and other office staff who have direct functional responsibility in representing the parties in this matter;

c. Any mediator or a settlement conference Judge or Magistrate assigned or retained to mediate this litigation;

d. Consultants and experts retained for the purpose of assisting the parties in preparation and trial of this matter; and

e. Actual or potential trial or deposition witnesses in this matter, and the witnesses' counsel, if CONFIDENTIAL information is reasonably necessary and related to their anticipated testimony, provided that they are provided with a copy of this Protective Order and agree to be bound by its terms.

5. Any person (other than the Court or its employees) to whom these documents are to be disclosed shall first be advised by counsel making the disclosure that

these documents are subject to this Protective Order, and any such person shall be given a copy of this Protective Order and instructed that they are bound by it.  In the event that such person does not agree to be bound by the terms of this Protective Order, such person shall not be given the Confidential Documents.

6. The parties' counsel may designate as confidential any portion of the transcript of any deposition at which a Confidential Document was marked as an exhibit or discussed.  Such designation shall be given orally upon the record during the course of the deposition and must be memorialized in a writing served upon the other party's counsel.  When such a designation is made, the entire deposition shall be treated as confidential, pending transcription of the deposition and signing by the deponent.  Thereafter, the parties' counsel shall designate on the transcribed deposition the portion or portions, which involve the Confidential Documents and which shall be treated as confidential within 21 days of receiving same.  The parties' counsel shall communicate, in writing, the designations to the other party's counsel.  If no designations are made within the 21-day timeframe, the testimony and transcript will no longer be considered CONFIDENTIAL.  Any party shall retain the right to challenge the designation of any part of a deposition transcript as confidential.

7. In the event, at any stage of the proceedings, any party to this action disagrees with the designation of any information as "CONFIDENTIAL," the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved informally, the party claiming the confidentiality designation may apply for appropriate relief to this Court within 14 days of the other party's final confirmation in writing that an informal resolution is not possible, which may conduct an in camera inspection of the challenged materials.  The party seeking confidentiality of the information shall have the burden of establishing that the information is entitled to confidential treatment.  In the absence of applying for appropriate relief within the 14-day timeframe, the challenged information will no longer be considered CONFIDENTIAL.

8. Any exhibit or other paper filed with the Court that is comprised, in whole or in part, of Confidential Documents, or other paper that consists of or makes reference to any information derived from Confidential Documents, shall be filed in sealed envelopes, on which shall be endorsed the caption of this action and a statement substantially in the following form:

> **CONFIDENTIAL**
>
> **This envelope contains information that is subject to a stipulated protective order governing the use of confidential material.**

9. At the conclusion of this action, including any and all appeals herefrom, all Confidential Documents, and all copies thereof (hard copy or electronic), shall be either: 1) returned to the other party's counsel; or 2) destroyed. If requested, a party's counsel shall provide the other party's counsel with an affidavit stating that such Confidential Documents have been returned or destroyed.

10. Any confidential designation made in any manner provided herein shall constitute a representation by counsel to the Court that the designation is made in good faith and in the belief that the material so designated constitutes confidential material.

11. In the event a party receives a request to disclose or produce all or any part of the Confidential Documents pursuant to a subpoena or Order issued by a Court or governmental body, the parties hereby agree to immediately notify the other parties' counsel of the request or order.

IT IS SO ORDERED.

Dated January 16, 2013, at Kansas City, Kansas.

                                                       s/ James P. O'Hara
                                                      James P. O'Hara
                                                      U. S. Magistrate Judge

Submitted and approved by:

| BEAVER LAW FIRM, LLC | STINSON MORRISON HECKER LLP |
|---|---|
| By: s/Chad Beaver | By: s/Jere Sellers |
| Chad C. Beaver        KS # 21280 | Jere D. Sellers        KS # 16405 |
| 1600 Genessee Street, Ste. 920 | Zachary Hemenway    KS # 23602 |
| Kansas City, Missouri 64102 | 1201 Walnut Street, Ste. 2900 |
| 816-226-7750 – phone | Kansas City, Missouri 64106 |
| 816-817-0540 – fax | 816-691-3190 – phone |
| cbeaver@beaver-law.com | 816-412-8195 – fax |
| *Attorney for Plaintiff* | jsellers@stinson.com |
| | zhemenway@stinson.com |

and

Larry J. Wulkan (*pro hac vice*)
1850 N. Central Avenue, Suite 2100
Phoenix, AZ 85004-4584
Telephone: (602)212-8511
Facsimile: (602) 240-6925
lwulkan@stinson.com

*Attorneys for Defendants*